UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMOND SANDERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:10-CV-00979-M |
| § | |
| LEGGETT & PLATT, INCORPORATED § | |
| d/b/a DURO METAL MANUFACTURING, § | |
| § | |
| Defendant. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Leggett & Platt, Incorporated's Motion for Leave to Amend Notice of Removal [Docket Entry #4] and Plaintiff Raymond Sanders' Motion to Remand [Docket Entry #5]. For the reasons stated below, the Motion for Leave to Amend is **GRANTED**, and the Motion to Remand is **DENIED**.

*Background*

Raymond Sanders ("Sanders") was an employee of Leggett & Platt, Incorporated ("Leggett") who earned $37,747 per year until he was fired on August 21, 2009.[1] On April 15, 2010, Sanders filed suit in the 160th District Court of Dallas County, Texas, alleging that Leggett had discriminated and retaliated against him due to his age and race, in violation of the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ch. 21, and seeking damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of future enjoyment of life, other nonpecuniary losses, punitive damages,

---

[1] Second Decl. Sandra Clay [Docket Entry #4] at ¶ 4; Pl.'s Original Pet. at ¶ 3.07.

1

court costs, and attorney fees.[2] As an employer with more than 500 employees, Leggett could face up to $300,000 in compensatory damages exclusive of back pay for a violation of TCHRA.[3] On May 14, 2010, Leggett filed a Notice of Removal, asserting that diversity jurisdiction existed under 28 U.S.C. § 1332(a). In the original Notice of Removal, Leggett alleged: "Plaintiff is a citizen of the State of Texas. Defendant is incorporated in, and has its principal place of business and corporate headquarters in, the State of Missouri. Thus, complete diversity of citizenship exists between the parties in this suit."[4] Leggett further alleged that it was facially apparent from Sanders' Petition that he sought damages in excess of $75,000.

On June 2, 2010, Leggett moved to amend its notice of removal to allege "then and now" jurisdiction—that Sanders was a Texas citizen at the time of filing the Petition and remains so now, and that Leggett was incorporated and had its principal place of business in Missouri at the time of filing the Petition and is incorporated and now has its principal place of business in Missouri.[5] Leggett also sought to allege that damages sought by Sanders exceeded $75,000 at the time of filing the Petition, and that damages continue to exceed $75,000, since the back pay and attorney fees sought by Sanders are "ever increasing figures."[6]

On June 4, 2010, Sanders moved to remand, alleging that Leggett had not established diversity jurisdiction because it had not alleged that diversity of citizenship and amount in controversy requirements were met at the time of filing the Petition in state court and the time of

---

[2] Pl.'s Original Pet. [Docket Entry #1] at ¶¶ 4.01-6.05, 7.01.
[3] *See id.* at ¶ 5 (stating that the defendant employs over 500 persons in the United States); TEX. LAB. CODE § 21.2585(d) (Vernon 2006) ("The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses and the amount of punitive damages awarded under this section may not exceed . . . $300,000 in the case of a respondent that has more than 500 employees."); TEX. LAB. CODE § 21.2585(c) (Vernon 2006) (stating that "compensatory damages" subject to the $300,000 limit do not include back pay).
[4] Pl.'s Original Pet. at ¶ 5 (internal citations omitted).
[5] Mot. Leave Amend at ¶ 4.
[6] *Id.*

removal to federal court.[7] Sanders also argued that Leggett had failed to adequately allege facts sufficient to show that damages exceeded $75,000.[8]

*Legal Standard*

Removal to federal court must occur within 30 days of the filing in state court.[9] Failure to allege that diversity of citizenship existed on the date the suit was brought in state court ("then") and continues to exist on the date of removal ("now") is a "procedural defect."[10] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Failure to allege "then and now" citizenship is a "*defective*, but not *missing*, allegation of jurisdiction."[11] Federal courts may allow amendments to notices of removal with defective allegations of jurisdiction, but not missing allegations of jurisdiction, after the 30 day period has passed.[12]

To invoke diversity jurisdiction, the amount in controversy must exceed $75,000.[13] When the plaintiff does not specify the dollar amount of damages that he is seeking, the amount in controversy requirement may be met if it is facially apparent from his pleading that the damages he seeks exceed $75,000, or, if not, the court may consider "summary judgment-type" evidence.[14] It is the defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[15] The defendant must do "more than point to a state law that *might* allow the plaintiff to recover more than what is pled."[16]

---

[7] Mot. Remand at 2.
[8] *Id.*
[9] 28 U.S.C. § 1446(b).
[10] *See In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993).
[11] *UICI v. Gray*, No. 3:01-CV-0921-L, 2002 WL 356753, at *2 (N.D. Tex. Mar 1, 2002); *see also D.J. McDuffie v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-47 (5th Cir. 1979).
[12] *UICI*, 2002 WL 356753, at *1-2.
[13] 28 U.S.C. § 1332(a).
[14] *See St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[15] *Id.*
[16] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

3

*Analysis*

Leggett's failure to allege "then and now" jurisdiction is a defective allegation of jurisdiction that may be amended after the thirty (30) day removal period has passed.[17] Therefore, Leggett may amend its Notice of Removal.

In his Petition, Sanders seeks damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of future enjoyment of life, other nonpecuniary losses, punitive damages, court costs, and attorney fees.[18] As an employer with more than 500 employees, Leggett could face up to $300,000 in "compensatory damages" for a violation of TCHRA.[19] Back pay is not a part of the capped "compensatory damages" and is calculated through the date of the judgment.[20] The parties have proposed a trial date in July 2011.[21] If trial occurs on that date, back pay alone would be just under $75,000. With the addition of front pay, attorney fees, punitive damages, and all other forms of relief requested by Sanders, it is facially apparent that the amount in controversy exceeds $75,000.

*Conclusion*

For the reasons stated above, Defendant Leggett & Platt, Incorporated's Motion for Leave to Amend Notice of Removal is **GRANTED** and Plaintiff Raymond Sanders' Motion to Remand is **DENIED**.

---

[17] *See UICI*, 2002 WL 356753, at *1-2.
[18] Pl.'s Original Pet. at ¶¶ 4.01-6.05, 7.01.
[19] *See id.* at ¶ 5; TEX. LAB. CODE § 21.2585(d); *see also Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (allowing amount in controversy requirement to be met where punitive damages alone were likely to exceed the jurisdictional amount).
[20] *See* TEX. LAB. CODE § 21.2585(c); *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 483 (5th Cir. 2007) ("In general, back pay liability in a wrongful termination case commences from the time the discriminatory conduct causes economic injury and ends upon the date of the judgment.").
[21] Joint Report Parties' Scheduling Conference [Docket Entry #7] at ¶ 12.

**SO ORDERED**.

August 17, 2010.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**